IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GRECIA ESTATE HOLDINGS LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **7-ELEVEN, INC.,** <br><br> Defendant. | Case No. 6:21-cv-00831 <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

1. Grecia Estate Holdings LLC ("Grecia" or "Plaintiff") hereby brings this action for patent infringement against 7-Eleven, Inc. ("7-Eleven" or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 8,887,308, titled "Digital cloud access (PDMAS part III)" (the '308 Patent), attached hereto as Exhibit A.

### NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

### PARTIES

3. Plaintiff Grecia Estate Holdings LLC is a Limited Liability Company with a principal place of business in Austin, TX.

4. Upon information and belief, Defendant, 7-Eleven, Inc. (hereinafter "7-Eleven"), is a corporation that is both registered to conduct business and is conducting business within the State of Texas. 7-Eleven owns and operates the real properties and its improvements located at

1403 S Lamar Blvd, Austin, TX 78704; 2820 S Lamar Blvd, Austin, TX 78704; and 2620 Lake Austin Blvd, Austin, TX 78703.

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Texas and Western District of Texas with multiple established places of business. (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Texas; (4) Defendant regularly conducts business within the State of Texas and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this district; and (5) Defendant has a regular and established place of business in the State of Texas and in this district.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Western District of Texas including but not limited to the products which contain the infringing '308 patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in this district; Defendant solicits and has solicited customers in the State of Texas and in this district; and Defendant has paying customers who are residents of the State of Texas and this district and who each use and have used the Defendant's products and services in the State of Texas and in this district.

8. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§ 1400(b). Defendant has a regular and established place of business in this district, Defendant has transacted business in this district, and Defendant has directly and/or indirectly committed acts of patent infringement in this district.

## PATENT-IN-SUIT

9. On July 13, 2021, United States Patent No. 8,887,308 was duly and legally issued a Certificate of Correction for the sole Claim 1 by the United States Patent and Trademark Office. The '308 Patent is titled "Digital Cloud Access (PDMAS part III)" and is presumed valid and enforceable for infringement and damages on and from July 13, 2021 (e.g., the Certificate of Correction "effective date") in accordance with the Federal Circuit precedent issued in H-W Tech., L.C. v. Overstock.com, Inc., 758 F.3d 1329, 1335 (Fed. Cir. 2014).

10. Grecia Estate Holdings LLC is the owner of '308 Patent and has all right, title and interest in the '308 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '308 Patent. Accordingly, Grecia possesses the exclusive right and standing to prosecute the present action for infringement of the '308 Patent by Defendant.

11. The parent application leading to the '308 patent was filed on March 21, 2010.

12. The present invention relates to the field of access rights management schemes used by creators of electronic products to protect commercial intellectual property copyrights privy to illegal copying using computerized devices. More specifically, the present invention teaches a more personal system of digital rights management which employs electronic ID, as part of a web service membership, to manage access rights across a plurality of devices. (Ex. A at 1:22-26.)

13.     At the time the '308 patent was filed, there existed various problems in traditional Digital Rights Management (DRM) systems. Previous systems and methods suffered from a few notable shortcomings. For example, in previous systems, in some cases content can terminate access after a set amount of time, or the process can break if the provider of the DRM server ever ceases to offer services. (Ex. A at 1:51-53.) The inventions disclosed in the '308 patent addressed such problems and discloses the world's first "Access Management System" which in 2010 were not well-understood, routine, or conventional.

## ACCUSED PRODUCTS

14.     Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, specifically, the 7-Eleven App for iOS and Android (collectively, the "Accused Product" or "Accused Instrumentality").

## COUNT I
### (Infringement of U.S. Patent No. 8,887,308 Claim 1)

15.     Plaintiff incorporates the above paragraphs herein by reference.

16.     The '308 Patent is valid, enforceable, and was duly and legally issued a Certificate of Correction for the sole Claim 1 by the United States Patent and Trademark Office ("USPTO") on July 13, 2021. The '308 Patent is presumed valid and enforceable. *See:* 35 U.S.C. § 282; and H-W Tech., L.C. v. Overstock.com, Inc., 758 F.3d 1329, 1335 (Fed. Cir. 2014).

17.     Plaintiff is the owner of the '308 patent and possesses all rights of recovery for activity on and after July 13, 2021 under the '308 patent, including the exclusive right enforce the '308 patent and pursue lawsuits against infringers.

18.     Without a license or permission from Plaintiff, Defendant infringes Claim 1 of the '308 Patent by making, using, offering for sale, or selling products and devices that embody the patented invention, in violation of 35 U.S.C. § 271.

**Direct Infringement – 35 U.S.C. § 271(a)**

19.     Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

20.     Without a license or permission from Plaintiff, Defendant directly infringe Claim 1 of the '308 Patent by making, using, offering for sale, or selling products, systems, and/or services that embody the patented invention, in violation of 35 U.S.C. § 271.

21.     Attached hereto as Exhibit B is a claim chart detailing infringement of Claim 1 of the '308 Patent based on public information and belief thereof.

22.     Claim 1 of the '308 patent covers: "A process for transforming a user access request for cloud digital content into a computer readable authorization object . . . ." 7-Eleven's app (hereinafter, 7-App), infringes Claim 1, by transforming a user's access request to the 7-Eleven digital payments system into a computer readable authorization object.

23.     Claim 1 covers: "receiving an access request for cloud digital content through an apparatus in process with at least one CPU, the access request being a write request to a data store, wherein the data store is at least one of: a memory connected to the at least one CPU; a storage connected to the at least one CPU; and a database connected to the at least one CPU through the Internet; wherein the access request further comprises verification data provided by at least one user, wherein the verification data is recognized by the apparatus as a verification token . . . ." 7-App receives an access request using a Debit or Credit card number as a verification token.

24.     Next, Claim 1 involves: "authenticating the verification token of (a) using a database recognized by the apparatus of (a) as a verification token database . . . ." The 7-App authenticates the Debit and Credit Card number with a database of accepted Debit, Credit, and Store Card network types.

25. Claim 1 involves "establishing an API communication between the apparatus of (a) and a database apparatus, the database apparatus being a different database from the verification token database of (b) wherein the API is related to a verified web service, wherein the verified web service is a part of the database apparatus, wherein establishing the API communication requires a credential assigned to the apparatus of (a), wherein the apparatus assigned credential is recognized as a permission to conduct a data exchange session between the apparatus of (a) and the database apparatus to complete the verification process, wherein the data exchange session is also capable of an exchange of metadata, wherein the metadata comprises at least one verified web service account identifier . . . ." the 7-App establishes an API communication related to the 7-App barcode provisioning API which is used to request and receive barcode metadata.

26. Claim 1 next involves "requesting the metadata, from the apparatus of (a), from the API communication data exchange session of (c), wherein the metadata request is a request for the at least one verified web service identifier; then e) receiving the metadata requested in (d) from the API communication data exchange session of (c) . . . ." The 7-App request and receive a Barcode identifier (7-App web service payment instrument ID) from the 7-App barcode provisioning API web service.

27. Lastly, claim 1 involves "creating a computer readable authorization object by writing into the data store of (a) at least two of: the received verification data of (a); and the received metadata of (e); wherein the created computer readable authorization object is recognized by the apparatus of (a) as user access rights associated to the cloud digital content, wherein the computer readable authorization object is processed by the apparatus of (a) using a cross-referencing action during subsequent user access requests to determine one or more of a user access permission for the cloud digital content." the 7-App writes the association of the verification token

(authenticated Debit, Credit, or Store Card number) and the 7-App Barcode Account Identifier to the 7-App storage to create a mobile payment authorization object. The 7-App associates the Debit, Credit or Store Card account identifier with a 7-App Barcode Account Identifier to create the authorization object for subsequent mobile payments access for use in 7-Eleven stores.

**Plaintiff Suffered Damages**

28.    Defendant's acts of infringement of the '308 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained on and from July 13, 2021 as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Plaintiff's exclusive rights under the '308 Patent will continue to damage Plaintiff causing it irreparable harm for which there is no adequate remedy at law, warranting an injunction from the Court.

## REQUEST FOR RELIEF

WHEREFORE, Grecia Estate Holdings LLC prays for the following relief against 7-Eleven, Inc.:

(a)    Judgment that 7-Eleven, Inc. has directly infringed (corrected) Claim 1 of the '308 patent;

(b)    For a reasonable royalty for infringement and liabilities established on and from July 13, 2021;

(c)    For pre-judgment interest and post-judgment interest at the maximum rate allowed by law for activities on and from July 13, 2021;

(d)    For injunctive relief, including a preliminary injunction; and

(e)    For such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Grecia Estate Holdings LLC demands a trial by jury on all matters and issues triable by jury.

Respectfully Submitted,

Date: August 10, 2021                By: /s/Artoush Ohanian
H. Artoush Ohanian
Texas Bar No. Texas State Bar No. 24013260
artoush@ohanianip.com
OHANIANIP
604 West 13th Street
Austin, Texas 78701
(512) 298.2005 (telephone & facsimile)

Matthew M. Wawrzyn (*pro hac vice pending*)
matt@wawrzynlaw.com
WAWRZYN LLC
200 East Randolph Street, Suite 5100
Chicago, IL 60601
(312) 235-3120 (telephone)
(312) 233-0063 (facsimile)

*Counsel for Grecia Estate Holdings LLC*